# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2021

Lyle W. Cayce
Clerk

No. 21-10374
Summary Calendar

Norma Wray,

*Plaintiff—Appellant*,

*versus*

Home Depot USA, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2785

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Norma Wray sued her former employer, Home Depot USA, Inc., for employment discrimination and false imprisonment. She now appeals the district court's dismissal with prejudice of her false imprisonment claims[1] for

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Wray appears to allege two claims related to false imprisonment: (1) false imprisonment by Home Depot regarding an incident related to an investigation for theft;

No. 21-10374

failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). That is, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a court must accept as true all of the allegations contained in a complaint," the same standard does not apply to legal conclusions. *Id.*

Under Texas law, "[t]he essential elements of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law." *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002) (quotation omitted). Relevant here, Wray fails to allege sufficient facts to support her false imprisonment claims; indeed, nothing in Wray's operative complaint demonstrates that she was willfully detained without authority of law. Instead, her argument largely rests on conclusory allegations, rather than actual facts, that are insufficient to establish a plausible claim for relief. To the extent that Wray *does* plead relevant factual allegations, they "stop[] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quotation omitted).

As noted by the district court, Wray had several opportunities to plead sufficient facts to state a claim for false imprisonment but failed to do so. Under the circumstances, the district court acted within its discretion to dismiss Wray's claims with prejudice. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)

---

and (2) the instigation of false imprisonment by Home Depot for "misle[a]d[ing]" and "direct[ing]" police officers to arrest her.

No. 21-10374

(acknowledging that "leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile").

Accordingly, we AFFIRM the district court's judgment.